LAW OFFICES
**UDALL, SHUMWAY & LYONS, P.L.C.**
30 WEST FIRST STREET
MESA, ARIZONA 85201-6695
Telephone: (480) 461-5300
Fax: (480) 833-9392
E-Mail: rcd@udallshumway.com

Roger C. Decker (#005411)
R. Scott Currey (#013197)
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| DELTA MECHANICAL, INC., an Arizona corporation,<br><br>    Plaintiff,<br><br>v.<br><br>PLUMB-IN-TIME, PLUMBING SERVICES, INC. d/b/a METRO MECHANICAL, INC., a Delaware corporation,<br><br>    Defendant | No.<br><br>**COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |

Plaintiff Delta Mechanical, Inc. by and through its undersigned counsel, hereby submits its Complaint against Defendant Plumb-In-Time, Plumbing Services, Inc. d/b/a Metro Mechanical, Inc.

**PARTIES**

1. Plaintiff Delta Mechanical, Inc. ("Plaintiff") is an Arizona Corporation with its principal place of business in Maricopa County, Arizona.

2. Plumb-In-Time, Plumbing Services, Inc., d/b/a/ Metro Mechanical, Inc. ("Defendant") is a Delaware Corporation with its principal place of business in the state of Illinois.

. . .

## JURISDICTION AND VENUE

3.   This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332, i.e. diversity jurisdiction in as much as this civil action involves a controversy which exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs and is between citizens of different states. Specifically, Plaintiff is an Arizona Corporation with its principal place of business in Arizona and Defendant is a Delaware Corporation with its principal place of business in Illinois.

4.   Venue is proper pursuant to 28 U.S.C. § 1391(a)(3) and 1391(c) in that Defendant is subject to personal jurisdiction in the District of Arizona at the time this action is commenced.

5.   Personal jurisdiction is proper in Arizona as the Defendant has transacted business in Arizona, has interfered with Plaintiff's contracts entered into in Arizona, has conducted some of the action constituting Plaintiff's allegations of unfair competition in the state of Arizona and has generally established minimum contacts in the state of Arizona by which Defendant purposefully availed itself of the privilege of conducting activities within the State of Arizona, thus invoking the benefits, protections and responsibilities of its laws.

## GENERAL ALLEGATIONS

6.   Plaintiff is a plumbing contractor licensed by the Registrar of Contractors or equivalent state offices in a number of states.

7.   Defendant also is a plumbing contractor also licensed by the Registrar of Contractors or equivalent state offices in a number of states.

8.   Prior to the facts and allegations contained herein, Plaintiff and Defendant operated in totally different states and were not competitors of each other.

9.   Both Plaintiff and Defendant have long term contracts with Home Depot Inc. ("Home Depot"), a national retail building supply company. Specifically, both Plaintiff and Defendant were preferred plumbing contractors with Home Depot to the effect that when a consumer purchased a hot water heater or other plumbing fixture and wanted it installed by a Home Depot preferred contractor, then the installation contract was awarded and assigned to Plaintiff or Defendant. The contracts between Plaintiff and Home Depot and Defendant and

Home Depot were geographic in nature, i.e., Home Depot would enter into a contract with its preferred plumbing contractor for a state or some geographic area which included all of the Home Depot retail stores in that state or the geographic area.

10. As of August of 2005, Plaintiff had the preferred plumbing contractor contract with Home Depot in Arizona, Southern California, the Sacramento California Region, Norther Georgia, Florida, Michigan, South Carolina and North Carolina ("Home Depot Plumbing Contracts"). Plaintiff had also been promised the Home Depot preferred plumbing contractor agreement for Colorado and had expended in excess of Two Hundred Thousand Dollars ($200,000.00) in Colorado obtaining state licensing, insurance, real estate leases, acquiring motor vehicles, purchasing inventory, training plumbing contractors, etc. to operate the expansion of its business into the state of Colorado.

11. Prior to August of 2005, Defendant had the Home Depot preferred plumbing contractor agreement for the geographic region of Chicago, Illinois.

12. Beginning in the spring of 2005 and continuing through the present, Defendant has orchestrated and engaged in an intentional, systematic scheme and artifice to take over Plaintiff's Home Depot Plumbing Contracts, to hire away all of Plaintiff's independent plumbing contractors, to destroy Plaintiff's business and to take all of Plaintiff's business contracts, business expectancies and associated income and profits unto itself.

13. In fact, Defendant was so bold and notorious as to even tell Plaintiff that Defendant was going to financially destroy Plaintiff. On or about September 5, 2005, George Jovanovich, then a officer employee and representative of Defendant, told Plaintiff's president that Defendant was going to engage in a campaign to take over Plaintiff's business operations with Home Depot, to take all of Plaintiff's Home Depot Plumbing Contracts and to terminate Plaintiff's existence as a company.

14. Prior to July 29, 2005, George Jovanovich was the General Manager of Plaintiff working out of Plaintiff's headquarters in Maricopa County, Arizona. Plaintiff's contract with Mr. Jovanovich included a covenant not to compete. As general manager, Mr. Jovanovich knew all of Plaintiff's employees and had access to the names, addresses, phone numbers of all Plaintiff's

employees, independent contractors, pricing schedules, profit margins, policies and practices. In doing so Defendant inappropriately accessed Plaintiff's proprietary and confidential information including without limitation the names, addresses and phone numbers of all of Plaintiff's employees, independent contractors, pricing schedules, profit margins, policies and practices.

15. On July 29, 2005, George Jovanovich terminated his employment with Plaintiff and immediately began employment with Defendant. Upon information and belief, Defendant' negotiations with Mr. Jovanovich regarding terminating his employment with Plaintiff and beginning his employment with Defendant occurred for a period of at least four (4) months prior to the termination, during which time, Defendant and Jovanovich planned out and laid the foundations for the orchestration of the various steps and elements of the unfair competition alleged herein.

16. Prior to August of 2005, Michael D. Brown was the National Install Merchant for Home Depot, Inc. Part of his job description was the awarding of preferred plumbing contractor agreements with the various preferred plumbing contractors throughout the country. For approximately 18 months, throughout calendar year 2004 and thru August 2005, Plaintiff's contact person at Home Depot for its performance of its Home Depot Plumbing Contracts was Mr. Brown. As such Michael Brown knew all of Plaintiff's pricing schedules, policies and practices.

17. On or about July 25, 2005, Michael D. Brown terminated his employment with Home Depot, Inc., effective September 2, 2005, and immediately began employment as the Chief Executive Officer of Defendant. Upon information and belief, Defendant's negotiations with Mr. Brown occurred for a period of at least four (4) months prior to Mr. Brown's employment, during which time, Defendant and Brown planned out and laid the foundations for the orchestration of the various steps and elements of the unfair competition alleged herein.

18. In the spring of 2005, Home Depot notified its preferred plumbing contractor in the Denver, Colorado region of the termination of its contract. At the same time, Brown and Home Depot represented to the Plaintiff that it would be awarded the Home Depot preferred plumbing contractor contract for the Colorado area if Plaintiff purchased Seventeen Thousand Five Hundred Twenty-seven and 45/100 Dollars ($17,527.45) worth of leftover inventory from the prior

1  Colorado preferred plumbing contractor. Plaintiff purchased the inventory in question. In addition,
2  based on Brown and Home Depot's request, Plaintiff leased trucks, obtained Colorado licensing,
3  lined up employees and otherwise expended significant funds to move and qualify as a contractor
4  in Colorado and to prepare to service the Colorado Home Depot Plumbing Contract. Plaintiff did
5  all of those things in anticipation of being formally awarded the promised Colorado preferred
6  plumbing contractor agreement with Home Depot.

7      19.    On or about July 25, 2005, Home Depot formally awarded the Colorado preferred
8  plumbing contractor agreement to Defendant. Shortly thereafter, Michael Brown terminated his
9  employment with Home Depot and began his employment with Defendant. Similarly George
10 Jovanovich terminated his employment with Plaintiff and began his employment with Defendant.

11     20.    Prior to August of 2005, Robert Cox was employed by Plaintiff as Plaintiff's
12 Regional Manager in the state of Texas and was also the Plaintiff's qualifying party on Plaintiff's
13 Texas plumbing license. Plaintiff's agreement with Robert Cox had a covenant not to compete.
14 Defendant approached Robert Cox and convinced him to terminate his contract with Plaintiff and
15 go to work for Defendant. On or about July 31, 2005, Robert Cox terminated his employment with
16 Plaintiff and immediately thereafter began employment with Defendant serving as Defendant's
17 Master Plumber and Licensee in Colorado.

18     21.    Prior to August of 2005, Plaintiff was the preferred plumbing contractor with the
19 exclusive Home Depot contract for the Sacramento, California area and its eighteen stores. To
20 service that contract, Plaintiff had employment contracts with various independent plumbing
21 contractors in the Sacramento, California area. Each of those contractors was known to Mr.
22 Jovanovich. Each of the contracts with the Plaintiff's independent plumbing contractors contained
23 non-compete clauses.

24     22.    Prior to November of 2005, Defendant contacted each and every of Plaintiff's
25 independent plumbing contractors in the Sacramento, California area and convinced them to
26 terminate their contracts with Plaintiff and enter into new contracts with Defendant. On a Monday
27 morning in November 2005, without any prior notice, each and every one of Plaintiff's
28 independent plumbing contractors in the Sacramento, California area informed Plaintiff they

would not be performing any additional installation services for Plaintiff, that they had terminated their contracts with Plaintiff and entered into new similar contracts with Defendant. As a result of Plaintiff not being able to perform the installation contracts by Home Depot, Home Depot terminated Plaintiff's preferred plumbing contractor agreement for the Sacramento, California geographic area. Shortly thereafter, Home Depot awarded the preferred plumbing contractor agreement in the Sacramento, California geographic area to Defendant.

23.     In November of 2005, Defendant negotiated with Home Depot to be awarded the preferred plumbing contractor agreement for the Northern Arizona geographic area. In the course of those negotiations, Defendant requested that Home Depot terminate Plaintiff's contracts on a number of the stores in the Phoenix, Arizona geographic area.

24.     Defendant has contacted numerous plumbing contractors employed by Plaintiff located in the states of California, Arizona, Georgia and Florida, intentionally interfering with Plaintiff's contracts with large numbers of its independent contractors.

25.     In conversations with Plaintiff's independent plumbing contractors, Defendant informs Plaintiff's independent contractors: 1) that Defendant is going to take over all of Plaintiff's Home Depot Plumbing Contracts; 2) that Defendant intends to put Plaintiff out of business; 3) that their employment with Plaintiff is in jeopardy; 4) that these independent contractors should terminate their contracts with Plaintiff and enter into new similar contracts with Defendant.

26.     Defendant submits bids to Home Depot to be awarded the preferred plumbing contractor agreement for new geographic areas without even being licensed as a plumbing contractor by the state in question.

27.     Upon information and belief, Defendant has contacted representatives of Home Depot at Home Depot main offices and in regional offices including specifically Arizona, informing them that: 1) Plaintiff's business is failing; 2) that Plaintiff is going out of business; )3 that Plaintiff is losing all of its employees and independent contractors; 4) that Plaintiff will not be able to service its Home Depot Plumbing Contracts; 5) that Plaintiff's employees and independent contractors are prepared to join Defendant; and 6) that Home Depot should terminate

Plaintiff and award Plaintiff's Home Depot Plumbing Contracts to Defendant.

## FIRST CLAIM FOR RELIEF

### (Interference With Plaintiff's Contracts)

28. The Plaintiff incorporates the allegations of Paragraphs 1 through 27 as though fully set forth herein.

29. Defendant has interfered with each of the following specific contracts of Plaintiff: a) Plaintiff's preferred contractor agreement with Home Depot involving the Sacramento, California region; b) Plaintiff's preferred plumbing contractor agreement with Home Depot for the Arizona region; c) Plaintiff's preferred plumbing contractor agreement with Home Depot for each and every geographic region in which Defendant has made wholesale solicitations to hire away Plaintiff's independent contractors including specifically the Florida, Georgia and Southern California, Sacramento, California and Arizona Home Depot regions; d) Plaintiff's written contract with George Jovanovich; e) Plaintiff's written contract with Robert Cox; f) Plaintiff's written contracts with its employees in the Sacramento region who were hired away by Defendant; g) Plaintiff's written contracts with independent contractors throughout the geographic areas of Plaintiff's Home Depot Plumbing Contract where Defendant has approached Plaintiff's independent contractors encouraging them to breach their written contracts, terminate their employment with Plaintiff and enter into similar agreements with Defendant.

30. Defendant was aware of each of the foregoing contracts by Plaintiff.

31. Defendant intentionally interfered with Plaintiff's contracts and business relationships listed above.

32. Defendant's conduct in interfering was for the purpose of harming Plaintiff and Defendant used wrongful, unfair and/or improper means of competition.

33. Plaintiff has been damaged as a result of Defendant's interference as follows: a) Plaintiff has been deprived of its contractual relationship with its independent contractors in the Sacramento, California region; b) Plaintiff has been deprived of its Home Depot Preferred Plumbing Contractor Agreement in the Sacramento, California area; c) Plaintiff has been deprived of its contractual relationship with George Jovanovich; d) Plaintiff has been deprived of its

7

contractual relationship with Robert Cox.

WHEREFORE, Plaintiff seeks the remedies set forth at the end of this Complaint.

## SECOND CAUSE OF ACTION

### (Intentional Interference With Business Expectation)

34. Plaintiff incorporates the allegations in Paragraphs 1 through 33 as though fully set forth herein.

35. Based upon its conversations with Home Depot and Brown, Plaintiff had a valid business expectation that it would be awarded the Home Depot Plumbing Contract for the Colorado market area.

36. Defendant had knowledge of Plaintiff's business expectancy.

37. Defendant intentionally interfered with the business relationship between Plaintiff and Home Depot Inc. in reference to the Home Depot Colorado Preferred Plumbing Contractor Agreement.

38. Defendant acted for the purpose of harming Plaintiff and used wrongful, unfair and/or improper means of competition.

39. Plaintiff has been injured and damaged by Defendant's interference with Plaintiff's business expectancy in that Plaintiff was not awarded the Colorado Home Depot Preferred Plumbing Contractor Agreement.

WHEREFORE, Plaintiff seeks the relief set forth at the end of this Complaint.

## THIRD CAUSE OF ACTION

### (Misappropriation of Trade Secrets)

40. Plaintiff incorporates the allegations of Paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff's employee and independent contractor lists including names, addresses and phone numbers, and their compensation schedules and Plaintiff's pricing schedules, profit margins, policies and practices, *vis-a-vis* its Home Depot Plumbing Contracts are confidential, proprietary information and are trade secrets at common law (hereinafter collectively "trade secrets").

42. Defendant's use and disclosure of Plaintiff's trade secrets constitutes a misappropriation at common law. Plaintiff's trade secrets were acquired by George Jovanovich in confidence, and he is obligated to maintain their secret and not use them in the discharge of his duties as an employee and officer of Defendant without Plaintiff's consent.

43. Unless Defendant is enjoined from the use of Plaintiff's trade secrets, Plaintiff will suffer competitive losses and disadvantages in the operation of its business, specifically *vis-a-vis* its Home Depot Plumbing Contracts.

44. Defendant's utilization and disclosure of trade secrets in violation of the law will cause irreparable harm to Plaintiff for which it has no adequate remedy at law. The balance of harm strongly favors Plaintiff because once used, and if Defendant accomplishes its announced designs, the competitive injury and damage to Plaintiff cannot be undone.

45. As a direct and proximate result of Defendant's use of Plaintiff's trade secrets, Plaintiff has already suffered competitive losses and has sustained significant monetary damage.

WHEREFORE, Plaintiff seeks the remedies set forth at the end of this Complaint.

### FOURTH CAUSE OF ACTION

### (Defamation)

46. Plaintiff incorporates the allegations of Paragraphs 1 through 45 as though fully set forth herein.

47. The statements made by Defendant to Plaintiff's independent contractors and, on information and belief, to Home Depot constitute defamation per se.

48. Defendant's defamation has proximately caused Plaintiff monetary damages.

WHEREFORE, Plaintiff seeks the remedies set forth at the end of this Complaint.

### FIFTH CAUSE OF ACTION

### (Competition)

49. Plaintiff incorporates the allegations of Paragraphs 1 through 48 as though fully set forth herein.

50. The conduct of Defendant as alleged herein constitutes tortious unfair competition as developed in the common law.

51. Defendant's unfair competition has proximately caused Plaintiff monetary damages. WHEREFORE, Plaintiff seeks the remedies sought at the end of this Complaint.

### DAMAGES

52. Plaintiff incorporates the allegations of Paragraphs 1 through 51 as though fully set forth herein.

53. As a result of Defendant's interference with contract, interference with business expectancies, defamation and unfair competition, Plaintiff has been damaged in an amount to be established at the trial of this action, said amount being in excess of Two Million Dollars ($2,000,000.00). In the event of Defendant's default herein, Plaintiff will seek default judgment in the amount of Two Million Dollars ($2,000,000.00).

### JURY TRIAL DEMAND

54. Plaintiff hereby demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against Defendant Plumb-In-Time, Plumbing Services, as follows:

1) That this Court enter a preliminary injunction, to be made permanent at trial, enjoining Defendant from seeking, acquiring or using any trade secrets or confidential information of Plaintiff's acquired by George Jovanovich in the course of, or arising out of, his employment with Plaintiff, including, without limitation, the names, addresses, and phone numbers of Plaintiff's employees, and independent contractors and their compensation schedules, and Plaintiff's pricing schedules, profit margins, policies and practices vis a vis its Home Depot Plumbing Contracts;

2) For damages in an amount to be established at the trial of this action, said amount being in excess of Two Million Dollars ($2,000,000.00);

3) For Plaintiff's costs incurred herein;

4) For interest on the foregoing sums at the highest rate allowable by law;

. . .

5)   For such other and further relief as the court deems just and proper in the premises.

RESPECTFULLY SUBMITTED this 26th day of June, 2006.

                                     UDALL, SHUMWAY & LYONS, P.L.C.

                                By:   /s/ Roger C. Decker
                                       Roger C. Decker
                                       R. Scott Currey
                                       30 West First Street
                                       Mesa, Arizona 85201
                                       Attorneys for Plaintiff

I hereby certify that on June 26, 2006, I electronically transmitted the foregoing document to the U.S. District Court Clerk's Office via the electronic filing system

By:   /s/ Jeanne M. Lambly

3206380.1 \ June 26, 2006
105602-00004

11